| CHARLES MONTAGUE, | ) | Davidson Chancery |
| | ) | No. 96-3872-III |
| Plaintiff/Appellant, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | Appeal No. |
| CORRECTION and WARDEN | ) | 01A01-9711-CH-00667 |
| HOWARD CARLTON, | ) | |
| | ) | |
| Defendants/Appellants. | ) | |

FILED

May 29, 1998

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

Charles Montague, #142349
7475 Cockrill Bend Industrial Road
Nashville, Tennessee 37243
PRO SE/PLAINTIFF/APPELLANT

Sohnia W. Hong
Assistant Attorney General
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, Tennessee 37243
ATTORNEY FOR DEFENDANTS/APPELLEES

MODIFIED, AFFIRMED AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE

CONCURS IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

| CHARLES MONTAGUE, | ) | Davidson Chancery |
| | ) | No. 96-3872-III |
| Plaintiff/Appellant, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | Appeal No. |
| CORRECTION and WARDEN | ) | 01A01-9711-CH-00667 |
| HOWARD CARLTON, | ) | |
| | ) | |
| Defendants/Appellants. | ) | |

# O P I N I O N

The plaintiff, a prisoner in the custody of the Tennessee Department of Correction, brought this action against the Department and its Commissioner seeking a declaratory judgment that he is entitled to a refund of $64.00 charged against his custodial account for a key lost by the prisoner.

The Trial Court sustained a motion to dismiss for failure to state a claim for which relief can be granted.

The complaint states:

> 6) On September 4, 1995, I, Charles Montague, filled out a withdrawal for $64.00 Dollars. The money came from my Inmate Trust Fund Account that's within the Tennessee Department of Correction. The money was for the replacement of a key to room number 12-201, at Northeast Correctional Center. I had loss the key to said room on the above date.

> 7) On September 5, 1995, the lock and key was replaced by Sgt. Baker. The key and lock however, was reassigned to another door/room within Northeast Correctional Center.

> 8) On September 21, 1995, the key that I lost was found and turned in to operations at Northeast Correctional Center, and the unit management team was notified and they retrieved the key.

> 9) On September 21, 1995, plaintiff filled out a inmate information request form to Warden Howard Carlton, and Mr. Carlton routed it to Sgt. Baker. Contained on the information

request form was my request for a refund. However, Sgt. Baker informed me that I would not be receiving any refund because the lock cylinder and key was in use in another door at N.E.C.C.

The order of the Trial Court states:

> In the above-captioned matter the petitioner filed a petition for declaratory judgment challenging the policies of the Tennessee Department of Correction concerning lost keys. He seeks return of $54.00 withdrawn from his inmate trust account for the replacement of a lost key.

> Tennessee Code Annotated section 4-5-223 and 4-5-224 allow an individual to petition an agency for declaratory order regarding the applicability of the statute, rule or order and then, if denied, file an action in the Chancery Court of Davidson County. But to use this procedure the policies under attack must be "rules" as contemplated by the Uniform Administrative Procedures Act. Tennessee Code Annotated section 4-5-102(10) defines a "rule" as an agency statement of general applicability that implements or prescribes law or policy or describes the procedures or practice requirements of the agency. It does not include "statements concerning only the internal management of state government."

> In the case at bar the policy for charging inmates for keys and lock cylinders does not fit within the definition of "rules" as prescribed by Tennessee Code Annotated section 4-5-102(10). Accordingly, the policies are not subject to review for declaratory relief.

> It is therefore ORDERED that the above-captioned matter is dismissed with prejudice. In that the petitioner has qualified to proceed as a pauper, the Court assesses only state litigation tax against the plaintiff.

This Court agrees with the conclusion of the Trial Judge that a suit for declaratory judgment is not an appropriate vehicle for recovery of $64.00 if incorrectly charged to plaintiff. Moreover, even if the Trial Court should have granted any relief due under the facts, the facts alleged in the complaint do not support a refund of the $64.00 as claimed.

The loss or misplacement of a key to a lock on a door in a correctional institution is a serious matter, and requires a replacement lock operated by a different key. The finding of the lost key does not obviate the expense of the new lock.

Despite the pauper's oath, the plaintiff is liable for all costs of this proceeding. This appeal is declared to be a frivolous appeal requiring the assessment of attorney fees on remand.

-4-

The judgment of the Trial Court is modified to render judgment against plaintiff for all costs accrued in that Court. As modified, said judgment is affirmed. Costs of this appeal are taxed against the plaintiff. The cause is remanded to the Trial Court for ascertainment of fees for frivolous appeal and the entry and enforcement of judgment in conformity with this opinion.

**MODIFIED, AFFIRMED AND REMANDED.**


_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCUR:


_____
BEN H. CANTRELL, JUDGE


CONCURS IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **CHARLES MONTAGUE,** | ) | **Davidson Chancery** |
| | ) | **No. 96-3872-III** |
| **Plaintiff/Appellant,** | ) | |
| | ) | |
| **VS.** | ) | **Appeal No.** |
| | ) | **01A01-9711-CH-00667** |
| **TENNESSEE DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| **Defendant/Appellee,** | ) | |

**FILED**

**July 1, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

# O R D E R

The appellant's second petition for rehearing is denied, and the costs incident thereto are adjudged against the appellant.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE